UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRAK CHEVROLET, INC., <br>               Plaintiff, <br>     v. <br> GENERAL MOTORS LLC, <br>               Defendant, <br> and <br> MATTHEW MCGOVERN, <br>               Interested Party/Defendant. | CIVIL ACTION NO. 1:25-cv-11756-GAO |

## GENERAL MOTORS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant General Motors LLC ("GM"), by and through its counsel, hereby responds to plaintiff Mirak Chevrolet, Inc.'s ("Mirak's") Complaint as follows:

### INTRODUCTION

1. GM admits that Mirak's Complaint asserts a cause of action under M.G.L. c. 93B. GM further states that the remaining allegations set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required.

2. GM states that the referenced statute speaks for itself. Except as so stated, GM denies the allegations of paragraph 2 of the Complaint.

3. GM states that the referenced statute speaks for itself. Except as so stated, GM denies the allegations of paragraph 3 of the Complaint.

4. GM admits that Mirak has brought its Complaint seeking to enjoin GM from establishing new Chevrolet dealership operations from the proposed location. Except as so admitted, GM denies the allegations set forth in paragraph 4 of the Complaint.

### PARTIES

5. GM admits the allegations of paragraph 5 of the Complaint.

6. GM admits the allegations of paragraph 6 of the Complaint.

7. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. GM admits the allegations of paragraph 9 of the Complaint.

10. GM admits the allegations of paragraph 10 of the Complaint.

11. GM admits the allegations of paragraph 11 of the Complaint.

12. GM states that the allegations set forth in paragraph 12 are not directed against it, and therefore no response is required. To the extent that a response is deemed required, GM states that it has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 12, and therefore denies same.

13. GM states that the allegations set forth in paragraph 13 are not directed against it, and therefore no response is required. To the extent that a response is deemed required, GM states that it has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 13, and therefore denies same.

14. GM states that the allegations set forth in paragraph 14 are not directed against it, and therefore no response is required. To the extent that a response is deemed required, GM states that it has insufficient knowledge or information to admit or deny the allegations set forth in Paragraph 14, and therefore denies same.

15. GM denies the allegations set forth in paragraph 15 of the Complaint.

**JURISDICTION AND VENUE**

16. GM states that the allegations set forth in paragraph 16 of the Complaint are legal conclusions to which no responsive pleading is required.

17.     GM states that the allegations set forth in paragraph 17 of the Complaint are legal conclusions to which no responsive pleading is required.

18.     GM states that the allegations set forth in paragraph 18 of the Complaint are legal conclusions to which no responsive pleading is required.

19.     GM admits the allegations set forth in paragraph 19 of the Complaint.

## FACTUAL ALLEGATIONS

20.     GM admits that Mirak is an authorized Chevrolet dealer under the terms of a Dealer Sales and Service Agreement ("Dealer Agreement") between the parties. Except as so admitted, GM states that paragraph 20 states a legal conclusion to which no response is required.

21.     GM admits that it manufactures and sells new Chevrolet motor vehicles to authorized dealers in Massachusetts for resale by those dealers. Except as so admitted, GM states that paragraph 21 states a legal conclusion to which no response is required.

22.     GM admits that Mirak is an authorized Chevrolet dealer with a location in Arlington, Massachusetts under the terms of a Dealer Agreement between the parties. Except as so admitted, GM denies the allegations in paragraph 22 of the Complaint.

23.     GM denies the allegations in paragraph 23 of the Complaint.

24.     GM admits that Mirak is an authorized Chevrolet under the terms of a Dealer Agreement between the parties. Except as so admitted, GM denies the allegations in paragraph 24 of the Complaint.

## GM's NOTICE LETTER TO MIRAK

25.     GM admits that it sent a letter to Mirak dated February 27, 2025 (the "Notice Letter") and states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 25 of the Complaint.

26.     GM admits that the Notice Letter is attached to the Complaint as Exhibit A.

27. GM admits that Mirak's Chevrolet dealership is located at 1125 Massachusetts Ave in Arlington, Massachusetts. Except as so admitted, GM denies the allegations set forth in paragraph 27 of the Complaint.

28. GM states that the allegations set forth in paragraph 28 of the Complaint are legal conclusions to which no responsive pleading is required.

29. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 29 of the Complaint.

30. GM denies the allegations set forth in paragraph 30 of the Complaint.

31. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 31 of the Complaint.

32. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 32 of the Complaint.

33. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 33 of the Complaint.

34. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 34 of the Complaint.

35. GM admits that, pursuant to the Dealer Agreement, GM assigned an Area of Primary Responsibility to Mirak in GM's Notice of Area of Primary Responsibility. GM further states that the geographic area assigned to Mirak in this Notice of Area of Primary Responsibility speaks for itself. GM otherwise denies the allegations set forth in paragraph 35 of the Complaint.

36. GM denies the allegations set forth in paragraph 36 of the Complaint.

37. GM denies the allegations set forth in paragraph 37 of the Complaint.

38. GM denies the allegations set forth in paragraph 38 of the Complaint.

39. GM denies the allegations set forth in paragraph 39 of the Complaint.

40. GM denies the allegations set forth in paragraph 40 of the Complaint.

41. GM denies the allegations set forth in paragraph 41 of the Complaint.

42. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 42 of the Complaint.

43. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 43 of the Complaint.

44. GM denies the allegations set forth in paragraph 44 of the Complaint.

45. GM denies the allegations set forth in paragraph 45 of the Complaint.

### MIRAK'S PROTEST LETTER

46. GM admits that Mirak sent GM a letter dated April 9, 2025 (the "Protest Letter") and states that the Protest Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 46 of the Complaint.

47. GM admits that the Protest Letter is attached to the Complaint as Exhibit B, and otherwise denies the allegations set forth in paragraph 47 of the Complaint.

48. GM states that the allegations set forth in paragraph 48 of the Complaint are legal conclusions to which no responsive pleading is required.

49. GM states that the Protest Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 49 of the Complaint.

50. GM states that the Protest Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 50 of the Complaint.

51. GM denies the allegations set forth in paragraph 51 of the Complaint.

52. GM denies the allegations set forth in paragraph 52 of the Complaint.

53. GM denies the allegations set forth in paragraph 53 of the Complaint.

54. GM denies the allegations set forth in paragraph 54 of the Complaint.

55. GM denies the allegations set forth in paragraph 55 of the Complaint.

56. GM denies the allegations set forth in paragraph 56 of the Complaint.

57. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 57 of the Complaint.

58. GM admits that, from 2017 through 2023, GM manufactured and distributed the Chevrolet Bolt EV, an electric vehicle model, through its dealer network. Except as so admitted, GM denies the allegations of paragraph 58 of the Complaint.

59. GM admits that, at the end of 2023, it made the decision to discontinue production of the Chevy Bolt EV, and that upon terminating production of the Chevy Bolt EV, GM no longer distributed this model through its dealer network. Except as so admitted, GM denies the allegations of paragraph 59 of the Complaint.

60. GM denies the allegations of paragraph 60 of the Complaint.

61. GM states that the Notice Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 61 of the Complaint.

62. GM denies the allegations of paragraph 62 of the Complaint.

63. GM denies the allegations of paragraph 63 of the Complaint.

64. GM denies the allegations of paragraph 64 of the Complaint.

65. GM denies the allegations of paragraph 65 of the Complaint.

**MEET AND CONFER MEETING**

66. GM states that the Protest Letter speaks for itself. GM otherwise denies the allegations set forth in paragraph 66 of the Complaint.

67. GM admits the allegations of paragraph 67 of the Complaint.

68. GM admits the allegations of paragraph 68 of the Complaint.

## COUNT I
### VIOLATIONS OF M.G.L. c. 93B, §§ 3(a), 6, and 15(c)
**(Mirak v. GM)**

69. GM repeats and realleges its responses to paragraphs 1 through 69 as if set forth herein.

70. GM admits that Mirak is an authorized Chevrolet dealer under the terms of the Dealer Agreement between the parties. Except as so admitted, GM states that Paragraph 70 of the Complaint states a legal conclusion to which no response is required.

71. GM admits that it manufactures and sells new Chevrolet motor vehicles to authorized dealers in Massachusetts for resale by those dealers. Except as so admitted, GM states that Paragraph 71 of the Complaint states a legal conclusion to which no response is required.

72. GM denies the allegations of paragraph 72 of the Complaint.

73. GM states that the referenced statute speaks for itself. Except as so stated, GM denies the allegations of paragraph 73 of the Complaint.

74. GM states that the referenced statute speaks for itself. Except as so stated, GM denies the allegations of paragraph 74 of the Complaint.

75. GM admits the allegations of paragraph 75 of the Complaint.

76. GM states that the referenced statute speaks for itself. Except as so stated, GM denies the allegations of paragraph 76 of the Complaint.

77. GM states that the allegations set forth in paragraph 77 of the Complaint are legal conclusions to which no responsive pleading is required.

78. GM states that the allegations set forth in paragraph 78 of the Complaint are legal conclusions to which no responsive pleading is required.

79. GM states that the allegations set forth in paragraph 79 of the Complaint are legal conclusions to which no responsive pleading is required.

80. GM states that the allegations set forth in paragraph 80 of the Complaint are legal conclusions to which no responsive pleading is required.

81. GM states that the allegations set forth in paragraph 81 of the Complaint are legal conclusions to which no responsive pleading is required.

82. GM states that the allegations set forth in paragraph 82 of the Complaint are legal conclusions to which no responsive pleading is required.

83. GM states that the allegations set forth in paragraph 83 of the Complaint are legal conclusions to which no responsive pleading is required.

84. GM denies the allegations set forth in paragraph 84 of the Complaint.

85. GM states that the allegations set forth in paragraph 85 of the Complaint are legal conclusions to which no responsive pleading is required.

86. GM denies the allegations set forth in paragraph 86 of the Complaint.

87. GM denies the allegations set forth in paragraph 87 of the Complaint.

88. GM denies the allegations of paragraph 88 of the Complaint.

89. GM denies the allegations of paragraph 89 of the Complaint.

90. GM states that it communicated with Mirak regarding the proposed establishment of a new Chevrolet dealer in the Boston Market. Except as so admitted, GM denies the allegations of paragraph 90 of the Complaint.

91. GM denies the allegations set forth in paragraph 91 of the Complaint.

92. GM denies the allegations set forth in paragraph 92 of the Complaint.

93. GM denies the allegations set forth in paragraph 93 of the Complaint.

94. GM denies the allegations set forth in paragraph 94 of the Complaint.

95. GM denies the allegations set forth in paragraph 95 of the Complaint.

## COUNT II
### DECLARATORY JUDGMENT PURSUANT TO M.G.L. c. 231A
### (Mirak v. GM and Mr. McGovern)

96. GM repeats and realleges its responses to paragraphs 1 through 95 as if set forth herein.

97. GM states that the allegations set forth in paragraph 97 of the Complaint are legal conclusions to which no responsive pleading is required.

98. GM states that the allegations set forth in paragraph 98 of the Complaint are legal conclusions to which no responsive pleading is required.

99. GM states that the allegations set forth in paragraph 99 of the Complaint are legal conclusions to which no responsive pleading is required.

100. GM denies the allegations set forth in paragraph 100 of the Complaint.

101. GM denies the allegations of paragraph 101 of the Complaint.

## COUNT IV [sic]
### PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (Mirak v. GM and Mr. McGovern)

102. GM repeats and realleges its responses to paragraphs 1 through 101 as if set forth herein.

103. GM denies the allegations set forth in paragraph 103 of the Complaint.

104. GM denies the allegations set forth in paragraph 104 of the Complaint.

105. GM denies the allegations set forth in paragraph 105 of the Complaint.

106. GM denies the allegations set forth in paragraph 106 of the Complaint.

107. GM denies the allegations set forth in paragraph 107 of the Complaint.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Mirak, GM pleads the following defenses to the Complaint and reserves the right to raise additional defenses:

**First Defense**

Mirak's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

Mirak's claims are barred, in whole or in part, because GM has good cause to establish a new Chevrolet dealership in Waltham, Massachusetts.

**Third Defense**

Mirak's claims are barred, in whole or in part, because GM acted within its rights under the parties' Dealer Agreement and applicable law.

**Fourth Defense**

Mirak's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

**Fifth Defense**

Mirak's claims are barred, in whole or in part, by the doctrine of waiver.

WHEREFORE, GM respectfully requests that the Court:

A.  enter judgment in its favor on Mirak's claims;

B.  award GM its costs and expenses, including attorneys' fees, to the extent allowed by law and the applicable contractual agreements; and

C.  enter such further relief as it deems just and proper.

Respectfully submitted,

**GENERAL MOTORS LLC,**

By its attorneys,

*/s/ James C. McGrath*
James C. McGrath, BBO #564731
Lisa K. Haines, BBO #667802
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210
(617) 946-4800
jcmcrath@seyfarth.com
lhaines@seyfarth.com

Dated: June 25, 2025

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first class and electronic mail to those indicated as non-registered participants on June 25, 2025.

*/s/ Lisa K. Haines*
Lisa K. Haines